UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

       -against-                                    ORDER
                                                                   05-CV-5240 (BMC)(SMG)

REAL PROPERTY AND PREMISES KNOWN
AS 90-23 201st STREET, HOLLIS, NEW YORK,
ET AL.

                    Defendants.
-----------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

       Claimant Ronald Young ("claimant" or "Young") brings this motion to reconsider the denial of his request for appointment of counsel in a civil forfeiture action. For the reasons stated herein, claimant's motion for reconsideration is denied.

       On November 17, 2005, I authorized an arrest warrant for the defendants *in rem* on the ground that they were proceeds of narcotics violations and therefore subject to seizure and forfeiture. Docket Entry 3. Young, represented by attorney Bernard Alan Seidler, filed a claim of interest in the defendant properties. Docket Entry 7. Mr. Seidler was also Young's retained counsel in the underlying criminal matter. *See* Docket Sheet for 05-CR-846 (ARR). On April 1, 2009, claimant filed a *pro se* motion for appointment of counsel on the grounds that he needed a civil and not a criminal attorney to represent him in the forfeiture proceedings, and that he was no longer able to afford an attorney. Docket Entry 30. The government opposed the motion on the ground that Young did not meet the requirements of 18 U.S.C. § 983(b), which governs appointment of counsel in civil forfeiture actions. Docket Entry 31.

       Pursuant to 18 U.S.C. § 983(b), a court may appoint counsel to represent a claimant in a

civil forfeiture action in two specifically enumerated circumstances: (1) where the claimant is unable to afford counsel and the claimant is represented by *court appointed counsel* under 18 U.S.C. § 3006A in a related criminal case; or (2) where the claimant is unable to afford counsel and the real property at issue is being used by the claimant as a "primary residence."

In a status conference on April 30, 2009, I denied claimant's motion because he did not meet the requirements of 18 U.S.C. § 983(b). First, his attorney in the underlying criminal matter, Mr. Seidler, was retained and not appointed by the court, and second, claimant is incarcerated and therefore the subject property is not being used as his primary residence. Minute Order for April 30, 2009. In connection with his motion for reconsideration, Young submits an application to proceed *in forma pauperis*, which he contends demonstrates that he is unable to afford counsel. Docket Entry 32. That, however, is beside the point as Young is currently represented by counsel. At the April 30 conference, I instructed Mr. Seidler that, if he chose to be relieved, he should make a motion by May 7, but he has not done so.[1]

---

[1] I also instructed Mr. Seidler to include an application to obtain *pro bono* counsel when he served his motion on Young.

Accordingly, because claimant is represented by retained counsel, his motion for appointment of counsel is denied. Moreover, for the reasons stated above, even if claimant were not represented by counsel, he still would not fall within the statute's specifically enumerated categories for appointment of counsel. For all of these reasons, claimant's motion for reconsideration is denied, without prejudice to his making a motion for appointment of *pro bono* counsel in the event that Mr. Seidler is discharged or relieved.

**SO ORDERED.**

**Dated:** Brooklyn, New York
May 14, 2009

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**